IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 28, 2021

**FRANK E. SMALL v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Sullivan County
No. C71483  William K. Rogers, Judge**

_____

**No. E2020-00722-CCA-R3-PC**

_____

Petitioner, Frank E. Small, was convicted in 2016, after a jury trial, of robbery and home improvement fraud. This Court affirmed Petitioner's convictions and sentences on direct appeal. *State v. Frank E. Small*, No. E2017-01266-CCA-R3-CD, 2018 WL 2383033, at *1 (Tenn. Crim. App. May 25, 2018), *perm. app. denied* (Tenn. Sept. 13, 2018). Petitioner appeals from the denial of his petition for post-conviction relief, in which he alleged that he received ineffective assistance of counsel at trial. Having reviewed the entire record and the briefs of the parties, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Post-Conviction Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

David Barnette, Kingsport, Tennessee, for the appellant, Frank E. Small.

Herbert H. Slatery III, Attorney General and Reporter; Ruth Anne Thompson, Senior Assistant Attorney General; Barry Staubus, District Attorney General; and Emily Hutchins, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Petitioner was indicted by the Sullivan County Grand Jury with one count of robbery and one count of home improvement fraud in March of 2012. After a jury trial, Petitioner was convicted as charged and sentenced to an effective five-year sentence. Petitioner appealed his convictions and this Court affirmed. *Frank E. Small*, 2018 WL 2383033, at *1.

As relevant to the issues raised in this appeal, the following facts were summarized by this Court on direct appeal. Joseph Beverly, the victim, was 79 years old at the time the events occurred, and 84 years old at trial. *Id.* On January 31, 2011, Petitioner "got into the victim's car" at a gas station and offered to sell him leftover asphalt for the discounted price of $6 per square foot rather than the usual price of $18 per square foot. *Id.* The victim agreed. *Id.* The victim thought Petitioner "would pave three feet at the end of the victim's driveway to connect the driveway to the road." *Id.* Instead, Petitioner paved the majority of the concrete driveway with a thin layer of asphalt and charged the victim $9000 for the work. The victim wrote Petitioner a check for $6500. *Id.* The victim tried cancelling the check later that day, but it had already been cashed. *Id.* at *2.

The victim testified about his health and possible memory problems. *Id.* He said that he had previously suffered a stroke and was residing in an assisted living facility. *Id.* In response to whether the stroke had left residual memory issues, the victim stated, "Well, not—not so much about that." *Id.* The victim "disagreed that he had memory problems and stated that he had a [']pretty good memory['] and could recall his birthdate, the month and year he was [']born again,['] the month and year he joined a church, and the names of his pastors." *Id.* The victim testified that "he met with lawyers who showed him [']stuff to read['] to refresh his memory." *Id.* The victim testified that he remembered the events of January 31, 2011. *Id.*

*Post-conviction Hearing*

Petitioner timely filed a pro se petition seeking post-conviction relief, raising several claims of ineffective assistance of counsel.[1] Among Petitioner's claims, Petitioner alleged that his trial counsel was ineffective for failing "to adequately investigate and impeach [the] State's witnes[s]." Petitioner was appointed post-conviction counsel and filed an amended petition.

At the post-conviction evidentiary hearing, trial counsel recalled that the jury convicted Petitioner of robbery and home improvement fraud. Trial counsel testified he called two witnesses at trial: Petitioner's wife and one of Petitioner's workers. Trial counsel testified that he cross-examined the victim. Trial counsel recalled that the trial "was put off a few times because [the victim] was in the hospital." Trial counsel stated

---

[1] On appeal, Petitioner abandons several claims of ineffective assistance of counsel. Therefore, we will not review them or include trial counsel's testimony or the post-conviction court's conclusions regarding those claims. *See Ronnie Jackson, Jr. v. State*, No. W2008-02280-CCA-R3-PC, 2009 WL 3430151, at *6 n.2 (Tenn. Crim. App. Oct. 26, 2009) (determining claims raised in the trial court but not raised on appeal are deemed abandoned), *perm. app. denied* (Tenn. Apr. 16, 2010).

that because the victim appeared to have memory issues, his theory was that the victim only "remembered what was presented to him in [']recollection of facts[']." However, during voir dire, trial counsel found the victim to be "very sharp on some of the issues." Trial counsel did not recall whether he cross-examined the victim regarding his medications. Trial counsel believed he "presented pretty well in front of the jury that [the victim] could not identify himself [on video] when he went into the [gas station], and that obviously [] what he did recall was scripted."

On cross-examination, trial counsel testified that he had been practicing law for 34 years and had represented clients in approximately 100 jury trials. Trial counsel stated he had handled several cases for Petitioner over the past 10 years. Trial counsel testified his theory was that "[the victim] had health issues [and] that he didn't have any memory other than what was written down." Trial counsel said, "Everybody on the jury liked [the victim]. Everybody kind of perceived him as maybe their – their older uncle or older grandfather, that he was very well liked in front of the jury." Trial counsel expounded that because everyone liked the victim, his strategy was to show that the victim was "an elderly gentleman who just did not recall all the facts."

Petitioner complained that trial counsel did not listen to him at trial. Petitioner testified that he asked trial counsel to "bring up the part where [the victim] accused [Petitioner] of getting in the car at the service station." Petitioner said he never got into the car, but that his trial counsel told him "[t]hey got [sic] a video." Petitioner testified that he attempted to "fire" trial counsel "[c]ause [he] didn't feel [he] was getting proper service[,]" but the trial court would not let him.

*Post-conviction Court's Findings and Conclusions*

In a written order, the post-conviction court addressed each of Petitioner's claims and denied relief. Relevant to the issue raised in this appeal, the post-conviction court found that trial counsel established a theory with Petitioner "that did not revolve around a vigorous attack of the victim[,]" because, as trial counsel testified, the jury liked the victim and viewed him as a "grandfather." Trial counsel believed that "a strenuous cross[-]examination would have back[]fired." The post-conviction court found that trial counsel still cross-examined the victim, but "chose to treat him with kid gloves[,]" and "that strategy [was] proper under the circumstances." The post-conviction court concluded that Petitioner failed to establish that trial counsel provided ineffective assistance. This appeal followed.

*Analysis*

Petitioner argues that the post-conviction court erred in denying his petition. Specifically, Petitioner asserts that his trial counsel was ineffective because he failed to aggressively cross-examine the victim as to his memory deficiencies. The State responds that as a preliminary matter, Petitioner failed to include references to the record or citations to relevant legal authority in support of his claim, and therefore, Petitioner waived review of the issue. Alternatively, the State argues that the post-conviction court properly denied relief because trial counsel's trial strategy on cross-examination was tactical, and Petitioner offered no evidence to prove that his outcome would be different had trial counsel chosen a more aggressive cross-examination strategy.

Tennessee Rule of Appellate Procedure 27(a)(7), requires briefs in this Court to contain an argument "setting forth the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on." Tenn. R. App. P. 27(a)(7). Petitioner does not cite to any of the post-conviction hearing testimony and only cites to one of the post-conviction court's findings. In his vague argument, Petitioner states that trial counsel's cross-examination was proper, but that he "should have further inquired into the alleged victim's memory problems." Petitioner cites no authority to support his argument. "Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived." Tenn. Ct. Crim. App. R. 10(b). Petitioner has waived this issue for failing to cite authority and make appropriate references to the record. Despite the waiver, the overwhelming evidence supports the findings of the post-conviction court.

To establish a post-conviction claim of ineffective assistance of counsel in violation of the Sixth Amendment, a petitioner has the burden of proving that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see Lockhart v. Fretwell*, 506 U.S. 364, 368-72 (1993).

A petitioner must satisfy both prongs of the *Strickland* test in order to prevail in an ineffective assistance of counsel claim. *Henley v. State*, 960 S.W.2d 572, 580 (Tenn. 1997). "[F]ailure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim." *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996). To establish the performance prong, a petitioner must show that "the advice given, or the services rendered . . . are [not] within the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975); *see Strickland*, 466 U.S. at 690. The post-conviction court must determine if these acts or omissions, viewed in light of all of the circumstances, fell "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. A petitioner "is not

entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy by his counsel, and cannot criticize a sound, but unsuccessful, tactical decision." *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994); *see Pylant v. State*, 263 S.W.3d 854, 874 (Tenn. 2008). This deference, however, only applies "if the choices are informed . . . based upon adequate preparation." *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992). To establish the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.

Petitioner admits in his brief "that the manner in cross-examining [the victim] was proper, however, trial counsel could have inquired more about the inconsistencies in the testimony versus actual video surveillance." Petitioner's trial counsel had been practicing law for 34 years and had tried roughly 100 cases in front of a jury. Trial counsel recognized the jury's favor for the victim and made a strategic decision to forego aggressive cross-examination of the victim. Trial counsel chose a sound strategy, and Petitioner agreed it was proper. This Court will not second guess trial counsel's tactical decision. *See Adkins*, 911 S.W.2d at 347. Petitioner has not demonstrated that trial counsel performed deficiently, and the evidence does not preponderate against the post-conviction court's finding. Petitioner is not entitled to relief.

*Conclusion*

For the foregoing reasons, the judgment of the post-conviction court is affirmed.

_____
TIMOTHY L. EASTER, JUDGE